UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
LINDA GAIL LAMON,
    Debtor.                                     No. 7-05-16328 SA

RAPID TEMPS, INC.,
    Plaintiff,
v.                                                       Adv. No. 05-1247 S

LINDA GAIL LAMON,
    Defendant.

**MEMORANDUM OPINION ON PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT
RE: DISCHARGEABILITY OF INJUNCTIVE RELIEF**

This matter is before the Court on Plaintiff's Partial Motion for Summary Judgment Re: Dischargeability of Injunctive Relief (doc 15)("Motion") and Memorandum in Support thereof (doc 16), Defendant's Response (doc 17) and Memorandum in Support thereof (doc 18), and Plaintiff's Reply (doc 21).[1] Plaintiff's complaint also seeks a determination of the dischargeability of money damages it was awarded by a state court. That part of the case is not dealt with by the Motion or by this Memorandum Opinion.

**FACTS**

---

[1] The Court has subject matter and personal jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b); this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I); and these are findings of fact and conclusions of law as required by Rule 7052 F.R.B.P. This chapter 7 case was filed prior to the effective date of most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-08, 119 Stat. 23, and therefore the changes enacted by that legislation are not applicable to this case.

The facts are not in dispute. They consist of the admitted allegations of the complaint, the admitted undisputed facts contained in Plaintiff's motion and facts found in the main bankruptcy file, of which the Court takes judicial notice.

1. Debtor Linda Lamon filed a Chapter 7 bankruptcy on August 5, 2005.

2. Debtor was employed by Rapid Temps and entered into an employment agreement ("Agreement") in September, 1999, that contained a covenant-not-to-compete. The Agreement states, in part:

> 6. **Non Competition**
> During the term of this Agreement, Employee shall not undertake any work as an employee or consultant, directly or indirectly, for any person, firm or corporation other than Rapid Temps, within the staffing industry. Employee agrees to refer to Rapid Temps all opportunities within the present or contemplated business activities of Rapid Temps that may come to the attention of Employee, but Rapid Temps shall have the right to reject such opportunity within its sole discretion.
> After termination of this Agreement, whether with or without cause and whether initiated by Employee or Rapid Temps, Employee agrees that for a period of three (3) years hereafter, Employee will not participate directly or indirectly, personally or as an agent, associate, employee, partner or manager, or otherwise, of another, in the ownership, management, operation, or control of any business similar to the business currently operated or planned by Rapid Temps if such business provides services within those states in which Rapid Temps has been actively engaged in operating its business as evidenced by the existence of Clients and Medical Professionals in such states.
> Employee acknowledges that Rapid Temps has a legitimate business interest in preventing Employee from competing with Rapid Temps and that breach of the provisions of this paragraph may damage the goodwill of

Case 05-01247-s    Doc 22    Filed 04/03/07    Entered 04/03/07 10:59:02 Page 2 of 15

> Rapid Temps and give rise to irreparable injury to
> Rapid Temps. Employee therefore agrees that damages
> would be an inadequate remedy for the injury caused to
> Rapid Temps, and Rapid Temps is therefore entitled to
> injunctive relief to prohibit Employee from competition
> with Rapid Temps in violation of the provisions of this
> paragraph.
>
> ...
>
> 8. **<u>Injunctive Relief and Damages</u>**
> In the event Employee violates the terms of any
> part of this Agreement, and Rapid Temps applies to a
> court of competent jurisdiction for an injunction
> restraining Employee from further violation, as
> provided in Paragraphs 5 through 7 above, such remedy
> shall not be deemed to be exclusive, and Rapid Temps
> shall be entitled to pursue any other remedies
> available at law or equity in addition to injunctive
> relief.

Ms. Lamon was hired by Rapid Temps as a medical staffing recruiter.

3. The Agreement/covenant-not-to-compete does not provide for liquidated damages.

4. The Agreement/covenant-not-to-compete does provide for injunctive relief.

5. Debtor was terminated by Rapid Temps on June 18, 2004.

6. Rapid Temps brought suit against Debtor in September 2004 in the Fifth Judicial District Court for the state of New Mexico. Trial commenced in June 2005. After a five day bench trial, on July 29, 2005, the judge sent a transmittal letter to the parties that accompanied Findings of Fact and Conclusions of Law

Case 05-01247-s    Doc 22    Filed 04/03/07    Entered 04/03/07 10:59:02 Page 3 of 15

("FFCL")[2]. The trial court concluded that Rapid Temps was entitled to compensatory damages in the amount of $18,137.08 and exemplary damages in the amount of $36,274.16. The letter requested that Rapid Temps' attorney prepare a judgment and injunction consistent with the FFCL. On August 1, 2005, the state court filed the FFCL.

7. Some relevant conclusions of law found by the state court include:

> 48. Defendant Lamon and Defendant SysProg, Inc. have misappropriated, as that term is used in the New Mexico Uniform Trade Secrets Act, NMSA 1978, § 57-3A-2, the trade secrets of Rapid Temps by using and disclosing those trade secrets obtained from Rapid Temps by improper means, that is, (a) acquiring such information with knowledge that the information was confidential information of Rapid Temps, and (b) in willful breach of the duty set forth in her employment agreement regarding using and disclosing Rapid Temps confidential information.
> 49. This actual misappropriation should be enjoined pursuant to the New Mexico Uniform Trade Secrets Act, NMSA 1978, § 57-3A-2, by prohibiting Linda Lamon from using or disclosing all confidential information taken from Rapid Temps. Counsel for Plaintiff shall prepare an appropriate draft injunction and judgment for submission to the court after disclosing to counsel for Linda Lamon.
> 50. Plaintiff is entitled to damages against Defendants Lamon and SysProg for the lost profit from the sales by Linda Lamon to UHS Radiation Oncology in the amount of $14,217.58, and the sales by Linda Lamon to Ireland Cancer Center in the amount of

---

[2]The letter and FFCL appear at docket 19 in the main bankruptcy case.

Page -4-

$3,919.50, pursuant to the New Mexico Uniform Trade Secrets Act, NMSA 1978, §57-3A-2.
51. The misappropriation of Linda Lamon was willful and malicious and the Court awards twice the amount of actual damages, $18,137.08, pursuant to the New Mexico Uniform Trade Secrets Act, NMSA 1978, §57-3A-2.
52. Plaintiff Rapid Temps is entitled to injunctive relief pursuant to the New Mexico Trade Secrets Act, N.M.S.A. 1978, § 57-3A-3 to prevent and remedy past and threatened misappropriation of its proprietary information by Defendant Lamon and an Order from the Court requiring the return of any misappropriated proprietary information from Defendant Lamon or any party that has wrongfully received such information from her. Plaintiff Rapid Temps is entitled to injunctive relief as there is no adequate remedy at law to protect its legitimate interests. The injunction shall prevent Defendant Lamon from violating the covenant-not-to-compete, soliciting Rapid Temps' customers, using or disclosing Rapid Temps' confidential information, and unfairly competing. Rapid Temps has suffered actual harm as a result of Defendant Lamon's post-employment placement of medical professionals she had placed while at Rapid Temps at medical facilities where she had placed professionals while at Rapid Temps, which results in irreparable injury to Rapid Temps protectable by an injunction. The Court has balanced the factors and equities in granting injunctive relief to Plaintiff. Prohibiting Defendant Lamon from working in the medical staffing industry for a period of three years will not result in an undue hardship on Defendant as she has many years of business experience and skills unrelated to medical staffing, Defendant Lamon never engaged in medical staffing prior to her employment with Rapid Temps, and she has sales skills which are desirable and useful in other industries. The Court exercises its discretion in granting the injunction.

8. Debtor filed her Chapter 7 bankruptcy before any judgment or injunction was filed for record.

9. Debtor went to work for Medical Staffing Network ("MSN"), a direct competitor of Rapid Temps, as a branch manager in Albuquerque, New Mexico sometime between September 2004 and June 2005.

10. Debtor signed a covenant-not-to-compete with MSN.

11. Debtor did not share with MSN that she had a covenant-not-to-compete with Rapid Temps when she was offered the job with MSN.

12. Debtor was fired from MSN but continues to this day to work in the temporary medical placement field.

13. Ten days after Debtor filed her bankruptcy proceeding, Rapid Temps filed a motion for relief from automatic stay to enter the judgment and injunction called for by the state court judge, and to commence enforcement of the injunction. Debtor opposed the relief.

14. On March 15, 2006, the Bankruptcy Court entered a Memorandum Opinion on the Motion for Relief from Automatic Stay Case 7-05-16328, doc 25). The automatic stay was modified to allow Rapid Temps to return to the Fifth Judicial District Court to obtain entry of a judgment and take all actions in connection with entry of the judgment, such as legal action in connection with supporting or modifying any finding of fact or conclusion of law, or pursuing any appeal. Rapid Temps was further ordered to take no action to enforce either the monetary or injunctive

relief pending further order of the Court in this adversary proceeding.

15. Rapid Temps filed its Motion for Partial Summary Judgment, seeking only a determination that the injunctive relief ordered by the state court is not a "claim" subject to discharge by the Bankruptcy Code.

16. Debtor opposes this relief, arguing that the injunctive relief is a claim subject to discharge or a rejected executory contract under which she has no further obligations.

**CONCLUSIONS OF LAW**

I. **The Agreement/Covenant not to compete was not an executory contract.**

The Debtor argues that the arrangement between Rapid Temps and her is an executory contract. Although the Bankruptcy Code does not define the term, one of the Tenth Circuit's definitions of an executory contract is a contract in which neither party has completely performed, and the obligations of each party remain "complex". Workman v. Harrison, 282 F.2d 693, 699 (10th Cir. 1960). Other definitions used by the Tenth Circuit include a contract that has not as yet been fully completed or performed and in which future obligations remain, or in which material performance remains due on both sides. United States v. Myers (In re Myers), 362 F.3d 667, 672-73 (10th Cir. 2004). (Citations omitted.) In Shaw v. Dawson (In re Shaw), 48 B.R. 857, 859 (D. N.M. 1985), the court used Professor Vern Countryman's now

Page -7-

classic definition of an executory contract as a contract under which the obligations of both the debtor and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other. Countryman, Executory Contracts in Bankruptcy, Part 1, 57 Minn. L.Rev. 439, 460 (1978). The legislative history of the Code recites simply that "[t]hough there is no precise definition of what contracts are executory, it generally includes contracts on which performance remains due to some extent on both sides." H.R. Rep. 95-595, at 347, reprinted in 1978 U.S.C.C.A.N. 5963, 6303; S. Rep. 95-989, at 58, reprinted in 1978 U.S.C.C.A.N. 5787, 5845.

Rapid Temps terminated Debtor on June 18, 2004. This terminated the contract. After that time Rapid Temps no longer had any obligations remaining. See In re Hughes, 166 B.R. 103, 105 (Bankr. S.D. Ohio 1994)(If a contract has been terminated prepetition, there is no contract for the trustee to reject.) (Citing 2 Collier on Bankruptcy § 365.02 (15th ed. 1993)); Oseen v. Walker (In re Oseen), 133 B.R. 527, 529-30 (Bankr. D. Idaho 1991)(With no outstanding performance due on defendant's part, the contract was not executory and could not be rejected.); Cooper v. Carstens Health Indus. (In re Cooper), 47 B.R. 842, 844 (Bankr. W.D. Mo. 1985)("An employment contract contemplates pay for work. Here that relationship has been terminated and debtor

has no obligation to work for Carstens and Carstens has no obligation to pay. ... The Court finds here that the agreement is not executory, Carstens having no performance obligation, and therefore the non-competition requirement may not be rejected.") Only the Debtor has an obligation, which is to comply with the non-compete agreement. This duty, standing alone, does not make the contract executory. See <u>Fellerman and Cohen Realty Corp. v. Clinical Plus Inc. (In re Hirschhorn)</u>, 156 B.R. 379, 388-89 (Bankr. E.D. N.Y. 1993)(Courts hold that a lease is not an executory contract when only remaining obligation of the debtor is a covenant not to compete)(Collecting cases); <u>Oseen</u>, 133 B.R. at 529 (Plaintiff's only remaining duty was to not to compete with Defendant, so the contract was not executory.)

In sum, Rapid Temps has no remaining obligations to Debtor. The Agreement/Covenant is not an executory contract and therefore it may not be rejected.

II. **Even if the Agreement/Covenant were executory, rejection alone does not discharge Debtor's obligations thereunder.**

Assuming the Agreement/Covenant were an executory contract, it is clear that it was not assumed within 60 days of the order for relief and was deemed rejected pursuant to 11 U.S.C. § 365(d)(1). Rejection gives rise to prepetition breach. 11 U.S.C. § 365(g).

"Because rejection constitutes only a breach, not a termination, an obligation in a rejected contract continues to

bind the debtor <u>unless the obligation is discharged.</u>"  <u>Abboud, Dow & Wyzew, a Pennsylvania Partnership v. The Ground Round, Inc. (In re The Ground Round, Inc.)</u>, 335 B.R. 253, 262 (1st Cir. BAP 2005).  (Emphasis in original.)  <u>See also</u> <u>In re Alongi</u>, 272 B.R. 148, 153 (Bankr. D. Md. 2001)("Rejection of an executory contract, because it constitutes a breach, does not terminate the contract.  Accordingly, the rights and obligations of the parties remain intact after a rejection."); <u>In re Annabel</u>, 263 B.R. 19, 25-26 (Bankr. N.D. N.Y. 2001):

> Rejection of the executory contract pursuant to Code § 365(d), however, is not tantamount to the termination of all of the rights of the parties under the contract. To the contrary, a debtor's rejection of an executory contract constitutes a breach of the subject contract, which breach, absent an earlier assumption, is statutorily deemed to have occurred immediately prior to the filing of the debtor's bankruptcy petition.  <u>See</u> Code § 365(g).  "Thus, the effect of a rejection is that a breach is deemed to exist which in the ordinary case will give rise to a claim for damages... [and] ... does not...affect the parties' substantive rights under the contract...such as the amount owing or a measure of damages for breach."  3 Collier On Bankruptcy, 15th ed., ¶ 365.09[1], at 365-73 (2000) (footnotes omitted). In this regard then, the Court must query whether the Debtor's statutory breach of the covenant not to compete gave rise to a claim discharged under the Debtor's Order of Discharge.  <u>See</u> <u>Creator's Way Associated Labels, Inc. v. Mitchell (In re Mitchell)</u>, 249 B.R. 55, 58 (Bankr. S.D. N.Y. 2000).

(Footnote omitted.); <u>Creator's Way Associated Labels, Inc. v. Mitchell (In re Mitchell)</u>, 249 B.R. 55, 58 (Bankr. S.D. N.Y. 2000)("Although there is some contrary authority, it now appears to be well-settled that rejection does not terminate an executory

Case 05-01247-s    Doc 22    Filed 04/03/07    Entered 04/03/07 10:59:02 Page 10 of 15

contract or necessarily avoid the rights of the non-debtor party under the contract.")(Citations omitted.); <u>Kwik-Kopy Corp. v. Klein (In re Klein)</u>, 218 B.R. 787, 790-91 (Bankr. W.D. Pa. 1998)(Covenant remains effective despite rejection.); <u>In re Printronics</u>, 189 B.R. 995, 1000 (Bankr. N.D. Fla. 1995)(Contract liabilities remain intact after rejection; issue is whether a covenant not to compete is a dischargeable claim.)

Therefore, even if the Court could find that the Agreement/Covenant were an executory contract that was rejected by operation of law, that does not mean that Debtor's obligations under the contract were terminated. The issue is whether Debtor's obligation under the Agreement/Covenant are a dischargeable claim.

### III. **Debtor's Obligations under the Agreement/Covenant are not a dischargeable claim.**

"In New Mexico, injunctions are granted to prevent irreparable injury for which there is no adequate and complete remedy at law." <u>Hines Corp. v. City of Albuquerque</u>, 95 N.M. 311, 313, 621 P.2d 1116, 1118 (1981).

> {6} In determining whether to grant injunctive relief, a trial court must consider a number of factors and "balance the equities and hardships." <u>Key v. Chrysler Motors Corp.</u>, 119 N.M. 267, 274, 889 P.2d 875, 882 (Ct.App. 1995) reversed on other grounds, 1996-NMSC-038, 121 N.M. 764, 918 P.2d 350. Some of these factors include: (1) the character of the interest to be protected; (2) the relative adequacy to the plaintiff of an injunction, when compared to other remedies; (3) the interests of third parties; (4) the practicability of granting and enforcing the order; and

> (5) the relative hardship likely to result to the
> defendant if granted and to the plaintiff if denied.
> <u>Wilcox v. Timberon Protective Ass'n</u>, 111 N.M. 478,
> 485-86, 806 P.2d 1068, 1075-76 (Ct.App. 1990).
> {7} " 'Injunctions are harsh and drastic remedies
> [that] should issue only in extreme cases of pressing
> necessity and only where there is no adequate ...
> remedy at law.'" <u>Hill v. Community of Damien of
> Molokai</u>, 1996-NMSC-008, ¶ 51, 121 N.M. 353, 911 P.2d
> 861 (<u>quoting</u> <u>Padilla v. Lawrence</u>, 101 N.M. 556, 562,
> 685 P.2d 964, 970 (Ct.App. 1984) (alteration in
> original)). The granting of an injunction is an
> equitable remedy, and whether to grant equitable relief
> lies within the sound discretion of the trial court.
> <u>Moody v. Stribling</u>, 1999-NMCA-094, ¶ 30, 127 N.M. 630,
> 985 P.2d 1210. The trial court's discretion will not
> be disturbed unless there is an abuse of discretion.
> <u>Id.</u> "An abuse of discretion occurs when a ruling is
> clearly contrary to the logical conclusions demanded by
> the facts and circumstances of the case." <u>Sims v.
> Sims</u>, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

<u>Insure New Mexico, LLC v. McGonigle</u>, 128 N.M. 611, 614, 995 P.2d 1053, 1056 (Ct. App. 2000). <u>See also</u> <u>Winrock Enter., Inc. v. House of Fabrics of New Mexico, Inc.</u>, 91 N.M. 661, 664, 579 P.2d 787, 790 (1978)(Injuctive relief is appropriate when there is imminent harm of a continuous nature because redress would require a multiplicity of suits, rendering the injury irreparable at law.)

In this case, the state court entered injunctive relief, making specific findings that there was no adequate remedy at law. These findings are binding on this Court and the parties through the doctrine of collateral estoppel. <u>See, e.g.,</u> <u>Dent Wizard Int'l Corp. v. Brown (In re Brown)</u>, 237 B.R. 740, 745 (Bankr. C.D. Cal. 1999)(Bankruptcy court was bound by state

court's determination that an injunction was the only viable remedy in the case.) The final issue remaining then is whether the injunctive relief awarded by the state court is a claim subject to discharge. This Court joins the overwhelming majority of courts that finds that a covenant-not-to-compete is not a dischargeable claim.

Debtor filed a chapter 7 case, and her discharge is governed by 11 U.S.C. § 727. Section 727(b) discharges a debtor from most "debts." "Debt" means liability on a claim. 11 U.S.C. § 101(12). A "Claim" is defined, in relevant part, as:

> [the] right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured[.]

11 U.S.C. 101(5)(B). Therefore, if the right to an equitable remedy for breach of performance that gives no rise to a right of payment is not a "claim." The injunctive relief awarded against Debtor does not give rise to a right of payment. It is therefore not a claim, and not discharged by this bankruptcy proceeding. See also Kennedy v. Medicap Pharmacies, Inc. (In re Kennedy), 267 F.3d 493, 497-98 (6th Cir. 2001)(Covenant not to compete was not claim and would not be discharged.); In re Udell, 18 F.3d 403, 410 (7th Cir. 1994)(same); Annabel, 263 B.R. at 28 (same); In re Reppond, 238 B.R. 442, 443 (Bankr. E.D. Ark. 1999)(same); Printronics, 189 B.R. at 1002 (same); In re Hughes, 166 B.R. at

Case 05-01247-s    Doc 22    Filed 04/03/07    Entered 04/03/07 10:59:02 Page 13 of 15

106 (same); <u>May v. Charles Booher & Assoc., Inc. (In re May)</u>, 141 B.R. 940, 945 (Bankr. S.D. Ohio 1992)(same); <u>Oseen</u>, 133 B.R. at 531 (same); <u>Thomas v. Herzog (In re Thomas)</u>, 133 B.R. 92, 95 (Bankr. N.D. Ohio 1991); <u>In re Peltz</u>, 55 B.R. 336, 338 (Bankr. M.D. Fla. 1985); <u>In re Cox</u>, 53 B.R. 829, 832 (Bankr. M.D. Fla. 1985).  <u>But see</u> <u>Maids Int'l Inc. v. Ward (In re Ward)</u>, 194 B.R. 703, 712 (Bankr. D. Mass. 1996)(Court found that plaintiff had the right to obtain either money damages or an injunction against competition.  Therefore, the equitable remedy gave rise to a right of payment.); <u>In re Kilpatrick</u>, 160 B.R. 560, 565 (Bankr. E.D. Mich. 1993)(Michigan law allows money damages for breach of a noncompete agreement).

**CONCLUSION**

The Court finds that Plaintiff's Motion for Partial Summary Judgment is well taken and should be granted.  The injunctive relief awarded by the state court in this case does not constitute a "claim" dischargeable by Debtor's discharge.  The Court will enter Partial Judgment awarding the relief requested.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

copies to:

Jennie D Behles
Attorney for Debtor
PO Box 7070
Albuquerque, NM 87194-7070

Roger E Yarbro
Attorney for Rapid Temps
PO Box 480
Cloudcroft, NM 88317-0480

Michael J. Caplan
Trustee
827 E Santa Fe Ave
Grants, NM 87020-2458

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103-0608